IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO BITANGA,<br><br>    Plaintiff,<br><br>  v.<br><br>LONG BEACH MORTGAGE CO., et al.,<br><br>    Defendants.  _____/ | No. C 10-04770 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Pro se Plaintiff, a mortgagee, brought this suit asserting various state and federal claims related to the mortgage on his property. Plaintiff has named a litany of Defendants in this action, including the mortgage broker, the lender, the title insurance company, and 20 unnamed Does.

    Defendant First American Title Insurance Company ("FATCO") filed a Motion to Dismiss, seeking dismissal pursuant to Rule 12(b)(6) on the ground that the Complaint fails to allege that the company was a party to the loan or that it breached any duty owed to Plaintiff. See Mot. Dismiss at 3 (dckt. no. 6).

    Defendant's Motion is GRANTED without prejudice because Plaintiff's claims against Defendant FATCO do not meet the "facial plausibility" test required by Rule 8 and binding precedent. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The only specific allegation against FATCO is that it acted as the "original escrow/title company." See Compl. ¶ 6. The fact that the

claims in the Complaint purport to be made against "all defendants" is not sufficient to give rise to a plausible right to relief against FATCO, especially given the nature of the conduct asserted.[1] Accordingly, the Motion to Dismiss is granted. However, the dismissal is without prejudice to allow Plaintiff an opportunity to amend his Complaint, if possible, to state a valid claim against FATCO.[2]

Plaintiff's amended complaint, if any, must be filed by February 21, 2011. Failure to file an amended complaint will result in dismissal with prejudice of all claims against Defendant FATCO.

**IT IS SO ORDERED.**

Dated: February 2, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's claims, though nominally implicating "all defendants," seem to pertain only to the loan origination and closing process. Typically, a title insurer is not a party to the loan transaction. See Title Ins. Co. v. State Bd. of Equalization, 4 Cal. 4th 715, 739 (1992) ("A title insurance policy is a contract that insures the owner of property or another interested party against defects in title or liens and encumbrances that affect title, the invalidity of liens or encumbrances, or the incorrectness of title searches.").

[2] Plaintiff has not responded to the Motion to Dismiss and has not otherwise communicated with the Court notwithstanding the fact that the deadline for filing an Opposition has passed. After carefully considering the allegations in the Complaint, Defendant's Motion to Dismiss, and Plaintiff's lack of timely Opposition, the Court concludes that oral argument is unnecessary and VACATES the February 18, 2010 hearing.